

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| Keith B. Justice | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV-03-6845 |
| v. | |
| The Church Of Scientology, et al; | **ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FILING FEE** |
| DEFENDANT(S) | |

IT IS ORDERED that the complaint may be filed without prepayment of the filing fee.

**Note:** This order does not authorize a plaintiff to proceed in *forma pauperis* nor does it authorize service of the complaint by the U.S. Marshal. Further proceedings in this matter are subject to the orders of the Judge to whom the case is assigned. The Judge may strike the complaint or may dismiss the action for failure to comply with the Federal Rules of Civil Procedure or the Local Rules of the District Court.

_____  _____
Date                                        United States Magistrate Judge

================================================================================

**IT IS RECOMMENDED** that the application of plaintiff/petitioner to file the action without prepayment of the filing fee be **DENIED** for the following reason(s):

☐ Inadequate showing of indigency  ☑ District Court lacks jurisdiction
☑ Legally and/or factually patently frivolous  ☑ Immunity as to _see attached_
☑ Other: _see attached_

Comments:

✓ Docketed
✓ Copies / NTC Sent
✓ JS - 5 / JS - 6
__ JS - 2 / JS - 3
__ CLSD

9-25-03                                         _____
Date                                              United States Magistrate Judge

ENTERED ON ICMS
OCT 2 8 2003
CV

================================================================================

IT IS ORDERED that the application of plaintiff to file the action without prepayment of the filing fee is:
☐ GRANTED   ☑ DENIED (See note above).

10/1/03                                         _____
Date                                              United States District Judge

CV-73A (02/99)         ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FILING FEE

Keith B. Justice v. Church of Scientology et al.
Case No. ED CV 03-0950

"A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1369 (9th Cir. 1987); see also 28 U.S.C. § 1915(e)(1)(2) (court shall dismiss forma pauperis case at any time for failure to state a claim).

Plaintiff's Complaint does not set forth any factual allegations or state any claims for relief.  Instead, plaintiff has attached dozens of pages that are copies of articles and computer-generated documents.  On the basis of what plaintiff has submitted, there is no way to determine the factual and legal basis for plaintiff's proposed lawsuit.

In addition to being factually patently frivolous, plaintiff's case is meritless on several other grounds.  First, several of the proposed defendants (e.g., state court judges and employees) are immune from suit.  Mireles v. Waco, 502 U.S. 9, 9-11, 112 S.Ct. 286, 287-88 (1991) (per curiam) (judicial immunity); Buckley v. Fitzsimmons, 509 U.S. 259, 272-73, 113 S.Ct. 2606, 2615 (1993) (prosecutors); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 53, 116 S.Ct. 1114, 1121 (1996) (state agencies).  Second, plaintiff names several attorneys, the public defender's office and the Church of Scientology who are not state actors and thus may not be sued under 42 U.S.C. § 1983.  Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986); Polk County v. Dodson, 454 U.S. 312, 324, 102 S.Ct. 445, 453 (1988) (public defenders do not act under color of state law when acting as counsel to a defendant in a criminal proceeding).  Third, to the extent plaintiff is challenging the validity of his sentence or confinement through a section 1983 action, his case is barred by Heck v. Humphrey, 512 U.S. 477, 486, 114 S.Ct. 2364 (1994).  Fourth, to the extent plaintiff is challenging a state court decision, his case is prohibited by the Rooker-Feldman doctrine which prevents a federal court from reviewing a state court decision.  District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 486, 103 S.Ct. 1303 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149 (1923).  Finally, the Anti-Injunction Act and the Younger doctrine also prevent the federal court from issuing injunctions against state courts.